■ STURDY CONCRETE CORP., Appellant, v NAB CONSTRUCTION CORP., Respondent. — In an action to recover damages for breach of contract, plaintiff appeals from an order of the Supreme Court, Queens County (Kunzeman, J.), entered April 21, 1981, which granted defendant's motion for an order limiting the issues to be addressed upon retrial to those set forth in this court's opinion in *Sturdy Concrete Corp. v NAB Constr. Corp.* (65 AD2d 262). Order modified by deleting that provision which directs that one of the limited issues be whether plaintiff had been properly notified as to defendant's intent to repair the nonpunchlist items (Item No. 2 [a] of the second decretal paragraph). As so modified, order affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Queens County, for a new trial in accordance herewith. Several of the repairs listed by defendant in its backcharge letters predated the submission of the punchlists and the letter of notification. Consequently, at the new trial, the court should consider the question of notice, as it relates to (1) nonpunchlist items and (2) items listed on the punchlists, which the backcharges indicate were repaired prior to three days after the submission of the first punchlist, dated August 22, 1973. O'Connor, J. P., Thompson, Niehoff and Rubin, JJ., concur.

■ In the Matter of JOHN R. ARCULEO, Appellant, v BARBARA BLUM, as Commissioner of the Department of Social Services, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination denying petitioner Medicaid benefits, petitioner appeals from a judgment of the Supreme Court, Suffolk County (Corso, J.), dated June 1, 1981, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. Special Term was empowered by CPLR 409 (subd [b]) to make a summary determination on the pleadings. Petitioner's service upon respondent was defective (see CPLR 7804, subd [c]). Hence the court lacked jurisdiction over respondent and the dismissal of the proceeding was appropriate. Damiani, J. P., Titone, Weinstein and Bracken, JJ., concur.